**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEEE, *et al.*,<br><br>          Plaintiffs,<br><br>vs.<br><br><br>JERRY H. SCHUETZ, *et al.*,<br><br>          Defendants. | 2:15-cv-01819-APG-VCF<br>**ORDER** |

This matter involves The Bank of New York Mellon FKA The Bank of New York as Trustee, for the Certificateholders of the GSC Capital Corp. Mortgage Trust 2006-2, GSC Alternative Loan Trust Notes, Series 2006-2 against Defendants Jerry H. Schuetz, as Trustee for The Jerry H. Schuetz Trust, and LVBP Propoerties, LLC ("LVBP"), for quiet title, declaratory relief, and unjust enrichment regarding LVBP's status as the successful bidder following a public auction on a homeowner's association lien by Sunrise Ridge. (*See* Compl. (#1)). Before the court is Plaintiffs' Motion for Publication (#8). The period in which to serve Defendant LVBP expires on January 20, 2016. (#1). Plaintiffs' motion was filed prior to the expiration. As discussed in more detail below, Plaintiffs' motion is granted.

**DISCUSSION**

Plaintiffs' motion presents two questions: (1) whether Plaintiffs may have additional time to serve Defendant LVBP and (2) whether Plaintiffs may serve LVBP by publication. Both questions are addressed below.

### A. *Plaintiff's Motion for Additional Time to Serve LVBP is granted.*

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 120–day time period (now 90 day time period) for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* FED. R. CIV. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Generally, "good cause" is equated with diligence. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, No. 10–cv–0385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991).

Here, the Plaintiffs have satisfied this standard. The Secretary of State page shows that LVBP's business license has been revoked. (# 8-3). Plaintiffs have diligently attempted to serve LVBP at its last place of business, and by and through its resident agent, Elizabeth C. G., at her last known business addresses - 1204 Nugget Creek Drive, Las Vegas, Nevada 89108 and 3230 S. Buffalo Drive, Las Vegas,

Nevada but were unsuccessful. (#8 at p. 2). Plaintiffs state that they are not able to locate another address for LVBP. *Id.*

Here, this constitutes "diligence" as Plaintiffs have tried multiple times and ways to serve LVBP. Defendants Jerry H. Schuetz and The Jerry H. Schuetz Trust have not yet appeared in this matter. Defendants would suffer no prejudice and Plaintiffs would be severely prejudiced if their complaint were dismissed. Accordingly, the court grants Plaintiffs an additional sixty days, up to and including **March 7, 2016** to effectuate service of the Complaint and Summons on Defendant LVBP.

### B. Plaintiffs' Motion to Serve LVBP by Publication is Granted.

Federal Rules of Civil Procedure do not expressly permit service by publication. Rule 4(e)(1), however, permits a plaintiff to serve a defendant "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, Rule 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." *Id*.

"A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service." *Id.* Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public directories and family members. *Id.*; citing *Price v. Dunn*, 106 Nev. 100, 787 P.2d 785, 786–7 (Nev. 1990), *rev'd on other grounds*, *NC–DSH*,

*Inc. v. Garner*, 125 Nev. 647, 651 n. 3, 218 P.3d 853 (2009); *Abreu v. Gilmer*, 115 Nev. 308, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).

In *Price*, the Nevada Supreme Court found service by publication was not warranted, stating "where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should exercise those methods." 787 P.2d at 786–7. There, the plaintiff contacted the defendant's stepmother, and upon hearing that the defendant lived out of state, moved for service by publication. *Id*. at 105, 787 P.2d 785. The Price court held that, "although [plaintiff's] affidavit technically complies with NRCP 4(e)(1)(i), her actual efforts, as a matter of law, fall short of the due diligence requirement to the extent of depriving [defendant] of his fundamental right to due process." *Id*.

In contrast, in *Abreu*, the Nevada Supreme Court determined that the plaintiff exercised due diligence in attempting service because it made three attempts at the defendant's possible address and also consulted telephone company directories. *See* 115 Nev. at 311.

NRCP 4(e)(1)(iii) also requires that in addition to in-state publication, "where the present residence of the defendant is unknown the order may also direct that publication be made in a newspaper published outside the State of Nevada." *Id*. In cases "where the residence of a nonresident or absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office." *Id*.

Additionally, Plaintiff has at least met the efforts displayed by the plaintiffs in *Abrreu*. As mentioned above, the process server has attempted to serve LVBP and LVBP's resident agent at their last known address(es) in Las Vegas. The court finds that this is sufficient to permit service of process by publication under Nevada law. Accordingly, the court grants the Plaintiffs' request to serve LVBP by publication.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiffs' Motion for Publication (#8) is GRANTED. Plaintiffs have an additional sixty days, up to and including **March 7, 2016** to effectuate service of the Complaint and Summons on Defendant LVBP.

IT IS FURTHER ORDERED that service of the Summons and Complaint in this action be made upon Defendant LVBP by publication in a newspaper of general circulation in Las Vegas, Nevada, where this matter is currently pending. Said publications must run once per week for four consecutive weeks. The service of summons and amended complaint will be deemed complete upon the expiration of four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Plaintiffs must serve a copy of the Complaint and Summons to Defendant LVBP *via* U.S. Mail at its last known address(es).

IT IS SO ORDERED.

DATED this 5th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE